UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**VERNON WASHINGTON (#301291)**  CIVIL ACTION

**VERSUS**

**JAMES M. LEBLANC, ET AL.**  NO. 20-00840-BAJ-RLB

### RULING AND ORDER

Plaintiff, a prisoner proceeding *pro se*, filed his complaint on December 11, 2020. (Doc. 1). On the same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"), accompanied by a verified Statement of Account indicating then present balances of Plaintiff's accounts. (Doc. 2).

On January 25, 2021, the Magistrate Judge issued an order granting Plaintiff's request for IFP status, and directing Plaintiff to make an initial partial filing fee in the amount of $13.26 to the Clerk of this Court within 21 days. (Doc. 3). The Magistrate Judge's January 25 Order warned that failure to pay this initial fee would result in dismissal. (*Id.*).

Plaintiff missed the deadline to pay his initial fee. Accordingly, on March 22, 2021, the Magistrate Judge issued a second order directing Plaintiff to show cause within 21 days why his Complaint should not be dismissed. (Doc. 4). Further, the Magistrate Judge's March 22 Order specifically directed Plaintiff to include with his response his inmate account transaction statements for the months of January, February, and March 2021 or (again) risk dismissal. (*Id.*). The Magistrate Judge's December 6 Order contained the following admonishment:

> In the event that the plaintiff fails to submit the requested information, or in the event that the Court is able to determine from the plaintiff's records that he has had deposited in his inmate accounts sums sufficient to make the required payment but has failed to do so, the plaintiff's action shall be dismissed, without further notice, for failure of the plaintiff to pay the initial partial filing fee.

(*Id.*)

On April 6, 2021, Plaintiff submitted a response to the Magistrate Judge's March 22 Order, but did not include the initial partial filing fee, or the inmate account transaction statements as directed. Rather, Plaintiff contends that he should be allowed "to enter the courts, as is, without payment." (Doc. 6 at 3). Alternatively, Plaintiff argues that the Court's demand for payment in dollars is illegal and void because "this court can only make gold or silver coin as tender in payment of debts." (*Id.* at 6).

The Court is not persuaded by Plaintiff's attempts to avoid paying the initial filing fee. First, the United States Fifth Circuit Court of Appeals has consistently instructed that "there is no absolute 'right' to proceed in a civil action without paying a filing fee; this is a procedural privilege that Congress may extend or withdraw." *Norton v. Dimazana*, 122 F.3d 286, 290 (5th Cir. 1997) (*quoting Strickland v. Rankin County Corr. Facility*, 105 F.3d 972, 975 (5th Cir. 1997)). And although the Court *may* authorize Plaintiff to proceed without prepayment of the filing fee, such authorization requires Plaintiff to show that he is *unable* to pay. 28 U.S.C. § 1915(a)(1). This, in turn, requires Plaintiff to submit for the Court's review "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

2

period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Plaintiff has failed to provide any such documentation here, and therefore cannot "enter … as is, without payment."

Second, there is no basis whatsoever to Plaintiff's assertion that "this court can only make gold or silver coin as tender in payment of debts." Federal law plainly provides that U.S. coins and currency "are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. § 5103.

Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be and is hereby **DISMISSED WITHOUT PREJUDICE**, for Plaintiff's failure to pay the Court's initial partial filing fee.

Judgment shall be entered separately.

Baton Rouge, Louisiana, this 10th day of June, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

3